### IN THE

## SUPREME COURT

### OF THE

## STATE OF LOUISIANA.

—◆—

### EASTERN DISTRICT, MARCH TERM, 1828.

—◆—

*M'CALEP* vs. *MAXWELL.*

APPEAL from the court of the third district.

MARTIN, J. delivered the opinion of the court. The defendant, sued as bail, urged that the plaintiff was not entitled to recover, because no service of the petition and citation had been made in the French language. There was judgment against him, and he appealed.

*If the plaintiff be indulged with leave to perfect an irregular service, the bail will not thereby be precluded from availing himself of the irregularity.*

The counsel for the appellee urges there was no irregularity in the service on the principal, and that, if there was, the bail cannot avail himself of it.

The record shews that the petition and cita-
tion were served in the English language only
that the principal pleaded this in abatement;
and the court was of opinion that the service
ought to be in the French language also, but
that the plaintiff was still in time to complete
the service, by supplying the defect by copies
in that language. Judgment was given against
the principal, and it does not appear that he
appealed.

The time of service in the French language,
bears the date of the 4th of September, 1824,
and the bail bond that of the 13th of April
preceding.

All these proceedings took place before the
promulgation of the Code of Practice, while
the law required service in the French lan-
guoge. The indulgence granted by the court
to the plaintiff, in giving him time to perfect
the service, ought not to prejudice the bail,
who, perhaps, signed the bond, merely because
he saw that the plea in abatement would avail,
and to afford to the defendant the opportunity
of availing himself of the irregularity in the
service.

The plaintiff, it is true, obtained from the
court below time to perfect the service, but

Eastern Dist.
*March*, 1828.

M·Caleb
*vs.*
Maxwell.

this ought not to prejudice the bail, who had not the opportunity of resisting the application, and therefore must not suffer by it.

This case resembles that of *Ryan* vs. *Bradley*, *Taylor* 77, in which the superior court of South-Carolina held that the bail was discharged, the nature of the action having been changed from *debt* to *case*. They held the bail could say with truth, *non in hæc, fœdera venimus.*

In the present case, the original defendant being arrested on the service of a petition and citation, in a manner not supported by law, had the right of taking advantage of this, and could do so without going to jail. His friend would willingly bail him, on being shewn that the suit must abate, on the illegality of the service being pleaded in abatement. If, afterwards, the plaintiff, on discovering this, procured time to perfect the service, the bail ought not to suffer, and, without his consent, be compelled to stand bound for the appearance of the defendant, on a process to the service of which no objection could be made.

It is therefore ordered, adjudged and decreed that the judgment of the district court

Eastern Dist
*March,* 1828.

M'CALEB
*vs.*
MAXWELL.

be annulled, avoided, and reversed; and that our judgment be for the defendant, with costs in both courts.

*Woodruff* for the defendant.